MEMORANDUM *
Lead Petitioner Renly Novo Kojo (“Kojo”) and his wife Fransisca Fanny Worang (“Worang”), citizens of Indonesia, appeal the Board of Immigration Appeals’ (“BIA”)- affirmance of the Immigration Judge’s (“IJ”) order denying asylum, withholding of removal, and relief under the United Nations Convention Against Torture (“CAT”). Petitioners’ asylum application was based on persecution allegedly suffered as the result of their membership in the Seventh Day Adventist Church, Worang’s Chinese ethnicity, and Kojo’s light skin color and perceived Chinese ethnicity. The IJ denied the application because he found that Petitioners’ mistreatment in Indonesia did not rise to the level of persecution, and that Petitioners did not establish a well-founded fear of future persecution. The IJ also found that Petitioners’ asylum application was time-barred.
We have jurisdiction under 8 U.S.C. § 1252. With regard to Petitioners’ asylum claim, we conclude that the IJ and BIA failed properly to address the claim that changed circumstances excused the untimely filing of their application, and we remand to the BIA to address this question in the first instance. With regard to withholding of removal, we remand to the BIA to determine whether, under recent Ninth Circuit case law, Petitioners are entitled to relief based on a disfavored group analysis. With regard to the claim *652 under CAT, we deny the petition for review.
The IJ failed to address Petitioners’ argument under 8 C.F.R. § 208.4(a)(4), that “changed circumstances” justified the delayed filing of the asylum application. The IJ found the petition to be time-barred because Kojo’s ignorance of asylum law did not justify the late filing. In addition to stating that he only recently found out about the availability of asylum, however, Kojo’s application is replete with references to the change in country conditions — specifically, the worsening violence towards Christians and the increasingly ineffective response from the government. Though such changes may constitute changed conditions justifying an untimely application under 8 C.F.R. § 208.4(a)(4), the IJ did not address this claim. The BIA did not render its own substantive decision, and, in agreeing fully with the IJ, considered only Kojo’s claim of ignorance of the law, and not the claim of changed country conditions.
Under Sagaydak v. Gonzales, 405 F.3d 1035 (9th Cir.2005), failure to address the merits of an exception to the one-year bar is an error warranting remand, since the “IJs and the BIA are not free to ignore arguments raised by a petitioner.” Id. at 1040 (citing Chen v. Ashcroft, 362 F.3d 611, 620 (9th Cir.2004)). The Supreme Court has also recognized that a remand is appropriate when the BIA fails to consider “changed circumstances” in the context of the merits of an asylum claim, explaining that “[t]he agency can bring its expertise to bear upon the matter; it can evaluate the evidence; it can make an initial determination; and, in doing so, it can ... help a court later determine whether its decision exceeds the leeway that the law provides.” INS v. Ventura, 537 U.S. 12, 17, 123 S.Ct. 353, 154 L.Ed.2d 272 (2002). Because the IJ failed to analyze in the first instance whether changes in Indonesia between 1998 and 2002 justify the untimely filed application, we grant the petition and remand.
As for the claim for withholding of removal, remand is also warranted in light of Sael v. Ashcroft, 386 F.3d 922 (9th Cir.2004) and Wakkary v. Holder, 558 F.3d 1049 (9th Cir.2009). In Sael, we held that “Indonesia’s ethnic Chinese minority is at least a ‘disfavored group,’ ” and, therefore, the petitioner “must demonstrate a ‘comparatively low’ level of individualized risk in order to prove that [he] has a well-founded fear of future persecution.” 386 F.3d at 927. In Wakkary, we held that “the disfavored group concept ... describes the basic evidentiary proposition that an asylum applicant’s membership in a group whose members are shown to have been widely targeted for discrimination, a substantial number of whom are shown to have been persecuted, is relevant evidence in assessing whether his fear of being personally targeted for persecution in the future rises to the requisite level of objective reasonableness.” 558 F.3d at 1064. The “disfavored group” analysis is also applicable to -withholding of removal claims. Id. at 1065. We therefore grant the petition and remand for the BIA to consider whether, under Sael and Wakkary, Petitioners are entitled to withholding of removal.
As Petitioners present no evidence that they would be tortured if returned to Indonesia, we deny the petition as to the claim for CAT relief.
DENIED in part; GRANTED in part and REMANDED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.